#350



FILED
JAN 1 7 2012
MICHAEL E. KUNZ, Clerk
By \_\_\_\_ Dep. Clerk

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY as subrogee of Andrew and Faye Sullivan | |
| Plaintiff, | Civil Action No.: 12 201 |
| vs. | |
| OMEGA FLEX, INC. | **COMPLAINT** |
| and | |
| SCULLY PROPANE SERVICE | **(JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff, The Travelers Home and Marine Insurance Company as subrogee of Andrew and Faye Sullivan (hereinafter referred to as "Plaintiff"), by and through the undersigned attorneys, hereby brings this Complaint and alleges as follows:

### THE PARTIES

1.  Plaintiff, The Travelers Home and Marine Insurance Company (hereinafter referred to as "Travelers") is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut, 06183.

2.  At all material times, Travelers was duly authorized to issue policies of insurance in the Commonwealth of Pennsylvania, and provided insurance to Andrew and Faye Sullivan (hereinafter referred to as the "Sullivans") under policy number 0M2967-984905229-633-1 (hereinafter referred to as "the Policy").



3.     At all material times, the Sullivans owned property in the Commonwealth of Pennsylvania, residing at 151 Red Oak Drive, Lincoln University, Pennsylvania 19352 (hereinafter the "Property").

4.     At all times material hereto, Omega Flex, Inc. (hereinafter "Omega") is and was a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 451 Creamery Way, Exton, Pennsylvania 19341.

5.     At all times material hereto, Defendant Omega designed, engineered, manufactured, inspected, tested, marketed, sold, distributed and/or placed into the stream of commerce a product known as corrugated stainless steel tubing ("CSST") for use in the distribution of natural gas and/or propane in various applications, including residential homes. Specifically, Omega placed its CSST into the stream of commerce such that it was installed in the home located at the Property

6.     Defendant, Scully Propane Service ("Scully") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and has its principal place of business located at 309 West Oak Lane, Collingdale, Pennsylvania 19023-4134.

7.     At all material times hereto, Defendant Scully was engaged in construction practices, and more specifically installed the CSST in the home at the Property.

## JURISDICTION

8.     The plaintiff is a citizen of a different state than each of the defendants.

9.     The amount in controversy in this matter exceeds the value of $75,000, exclusive of interest and costs.

10.    The United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## VENUE

11. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the Eastern District of Pennsylvania because it is the judicial district within which a substantial part of the events giving rise to the plaintiff's claim occurred.

## BACKGROUND

12. At all times material hereto, Omega was engaged in the business of engineering, designing, manufacturing, testing, inspecting, distributing, marketing, packaging and/or selling corrugated stainless steel gas tubing under the brand name "TracPipe" (hereinafter "CSST").

13. The Property was constructed in the 2004-2005 timeframe.

14. Defendant Scully installed the CSST gas lines, manufactured by Omega, at the Property.

15. The CSST ran through a metal chase that also contained copper refrigerant lines and electrical wiring.

16. Prior to the Fire, electrical wiring routed near the CSST came into contact with the CSST.

17. On or about January 25, 2010, the CSST was punctured. As a result of the puncture, gas escaped the piping and resulted in a substantial fire that spread through the Property (hereinafter "the Fire").

18. As a result of the Fire, Plaintiff's Insured suffered significant damage to the Property and its contents and sustained losses in excess of $75,000.

19. Pursuant to the Policy, Travelers has made payments to or on behalf of Plaintiff's Insured in excess of $75,000 and anticipates making additional payments to Plaintiff's Insured, in connection with the subject Fire.

20. Travelers is now contractually, legally and equitably subrogated to the rights of recovery of Plaintiff's Insured to the extent of the payments made to Plaintiff's Insured.

## COUNT I – STRICT LIABILITY
### Plaintiff v. Omega

21. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

22. At all times material hereto, Omega engineered, designed, manufactured, tested, inspected, distributed, packaged, marketed and sold CSST piping under the TracPipe brand name, including the CSST piping that was installed at the Property.

23. The CSST piping was expected to, and did, reach the Property without substantial change in the condition in which it was engineered, designed, manufactured, tested, inspected, distributed, marketed, packaged or sold.

24. The CSST piping as engineered, designed, manufactured, tested, inspected, distributed, marketed, packaged and sold by Omega was in a defective condition, and was defective when it left the possession of Omega.

25. The CSST piping malfunctioned, in that it punctured, leaked gas and started the Fire.

26. The CSST piping failed in the course of its normal and intended use.

27. The defective condition of the CSST piping caused the damages sustained by the Plaintiff.

28. The cause of the Plaintiff's damages, as alleged above, was the result of:

   a. The manufacturing defect in the CSST piping, as evidenced by the fact that it punctured, leaked gas and started the Fire, existed when the CSST piping left the possession and control of Defendant Omega;

   b. Omega's failure to warn of the serious and foreseeable risk of harm posed by the defect(s) and/or deficiency(ies) in the CSST piping, which caused it to puncture, leak gas and start the Fire in the course of its normal and intended use; and

   c. The design defect, as evidenced by the puncture in the CSST piping, resultant gas leak and the Fire, which existed when the CSST piping left the possession and control of Defendant Omega.

29. At the time of the Fire, the CSST piping was being utilized for the purposes and in the manner for which it was intended and/or reasonably anticipated by Omega.

30. The Plaintiff's Insured could not, by the exercise of reasonable care, have discovered the defect(s) and/or deficiency(ies) herein mentioned and/or perceived the danger inherent in the CSST piping.

31. Defendant Omega, while regularly engaged in the aforementioned business activities, engineered, designed, manufactured, tested, inspected, distributed, marketed, packaged and sold the CSST piping in a defective condition, unreasonably dangerous to the user or consumer.

32. The Fire was a direct and proximate result of the defective, unreasonably dangerous and unsafe condition of the CSST piping as described herein.

33.     As a result of the Fire, Travelers has made payments to or on behalf of Plaintiff's Insured in excess of $75,000 in accordance with the terms and conditions of the Policy, and is now subrogated to the extent of the payments made to Plaintiff's Insured.

WHEREFORE, Plaintiff, The Travelers Home and Marine Insurance Company, as subrogee of Andrew and Faye Sullivan, demands judgment in its favor and against Omega Flex, Inc. in excess of $75,000 together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – BREACH OF WARRANTY
### Plaintiff v. Omega

34.     Plaintiff hereby incorporates by reference the preceding paragraphs to this Complaint as though fully set forth herein at length.

35.     Defendant Omega expressly and/or impliedly agreed to engineer, design, manufacture, test, inspect, distribute, market, package and sell the CSST piping in a good and workmanlike manner, and in accordance with all relevant local, state and federal laws, rules, regulations and codes, as well as in accordance with all industry standards and trade practices.

36.     In light of the facts alleged herein, Defendant Omega did not provide a product reasonably fit for the purpose for which it was intended, nor one designed and/or manufactured in a good and workmanlike manner, nor a merchantable manner and thus, Omega breached the express and/or implied warranties.

37.     The CSST piping was utilized in a foreseeable and ordinary manner and yet sustained damages when the Fire occurred due to defects in the design, manufacturing, testing, inspecting, distribution, marketing and sale of the CSST piping, as set forth above, which caused damage to the Property.

38. Defendant Omega breached the express and/or implied warranties, by virtue of the conduct, acts and/or omissions of its servants, agents, employees, workmen, contractors and/or other authorized representatives who, within the scope and during the course of employment:

   a. Failed to observe and exercise a reasonable degree of care and skill in the engineering, design, manufacture, testing, inspection, distribution, marketing, packaging and sale of the CSST piping;

   b. Failed to engineer, design, manufacture, test, inspect, market, sell, package and/or distribute the CSST piping so that it was safe and fit for its normal and intended use;

   c. Failed to warn that the CSST piping was defective and could cause a fire;

   d. Failed to properly train and/or supervise its employees, agents, servants, contractors and/or representatives in the engineering, design, manufacture, testing, inspection, marketing, sale, packaging and/or distribution of the CSST piping so that it was safe and free from risk of fire;

   e. Utilized employees, laborers, engineers, designers and/or contractors which Defendant Omega knew or, in the exercise of due care, should have known were not properly trained and/or qualified to engineer, design, manufacture, test, inspect, market, sell, package and/or distribute the CSST piping;

   f. Failed to engineer, design, manufacture, test, inspect, market, sell, package and/or distribute the CSST piping in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or other requirements;

g. Failed to discover, repair and/or correct the defect(s) and/or deficiency(ies) in the engineering, design, manufacture, testing, inspection, sale, marketing, distribution and/or packaging of the CSST piping, which may have caused the CSST piping to fail in the course of normal and intended use;

h. Failed to engineer, design, manufacture, test, inspect, sell, market, package and/or distribute the CSST piping so as not to create a foreseeable risk of harm to people or property;

i. Failed to provide installers, distributors, salespeople and/or intended users with adequate instructions, warnings and/or information concerning the defect(s) and/or deficiency(ies) that caused the CSST piping to fail in the course of its normal and intended use; and

j. Failed to properly engineer, design, manufacture, inspect, test, distribute, sell, package and/or market the CSST piping so as to ensure its fitness and safety.

39. The January 25, 2010 Fire and resulting damage was a direct and proximate result of Defendant Omega's breach of express and/or implied warranties as averred above.

40. As a result of the Fire, Travelers has made payments to or on behalf of Plaintiff's Insured in excess of $75,000 in accordance with the terms and conditions of the Policy, and is now subrogated to the extent of the payments made to Plaintiff's Insured.

WHEREFORE, Plaintiff, The Travelers Home and Marine Insurance Company, as subrogee of Andrew and Faye Sullivan, demands judgment in its favor and against Omega Flex, Inc. in excess of $75,000 together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

**COUNT III– NEGLIGENCE**
**Plaintiff v. Omega**

41.  Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

42.  Defendant Omega owed duties as follows:

   a. A duty of care and skill in connection with the engineering, design, manufacture, testing, inspection, sale, marketing, packaging and/or distribution of the CSST piping;

   b. A duty to exercise reasonable care to protect users of its CSST piping against the risk of fire;

   c. A duty to exercise ordinary and reasonable care to ensure that the CSST piping was reasonably fit for the purpose for which it was engineered, designed, manufactured, packaged, sold and intended to be used; and

   d. A duty to warn that the CSST was defective and that its use could result in a fire.

43.  The Fire and resulting damages were the direct and proximate result of the negligence and/or carelessness of Defendant Omega, both generally and specifically, as follows:

   a. Failing to observe and exercise a reasonable degree of care and skill in the engineering, design, manufacture, testing, marketing, distribution, sale, packaging and/or inspection of the CSST gas piping;

   b. Failing to engineer, design, manufacture, test, market, distribute, sell, package and/or inspect the CSST piping so that it was safe and fit for its intended use;

   c. Failing to ensure that the CSST gas piping could withstand anticipated levels of electrical activity generated by household current;

   d. Failing to provide proper installation instructions;

e. Failing to warn that the CSST piping was defective and could start a fire;

f. Failing to properly train and/or supervise its employees, agents, servants, contractors and/or other representatives in the engineering, design, manufacture, testing, marketing, distribution, sale, packaging and/or inspection of the CSST piping so that it was safe and free from risk of fire;

g. Utilizing engineers, designers, laborers, consultants, contractors and/or employees which Defendant Omega knew, or in the exercise of due care, should have known, were not properly trained to engineer, design, manufacture, test, inspect, sell, market, package and/or distribute the CSST piping;

h. Failing to engineer, design, manufacture, market, package, distribute, sell, test and/or inspect the CSST piping in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or other requirements;

i. Failing to discover, repair and/or correct the defect(s) and/or deficiency(ies) in the engineering, design, manufacture, packaging, testing, inspection, marketing, distribution, packaging and/or sale of the CSST piping, which may have caused the CSST piping to fail in the course of its normal and intended use;

j. Failing to engineer, design, manufacture, test, inspect, market, distribute, package and/or sell the CSST piping so as not to create a foreseeable risk of harm to people and/or property;

    k. Failing to provide installers, distributors, salespeople and/or intended users with adequate instructions, warnings and/or information concerning the defect(s) and/or deficiency(ies) that caused the CSST piping to fail in the course of its normal and intended use; and

    l. Failing to properly engineer, design, manufacture, inspect, test, distribute, sell, package and/or market the CSST piping so as to ensure its fitness and safety.

44. The negligence and carelessness described in the preceding paragraphs were committed by Defendant Omega and/or its duly authorized agents, servants, workmen, contractors, employees and/or other authorized representatives of Defendant Omega, acting within the scope and during the course of their relationship, agency and/or employment.

45. The January 25, 2010 Fire and resulting damage were a direct and proximate result of Defendant Omega's negligence and/or carelessness.

46. As a result of the Fire, Travelers has made payments to or on behalf of Plaintiff's Insured in excess of $75,000 in accordance with the terms and conditions of the Policy, and is now subrogated to the extent of the payments made to Plaintiff's Insured.

WHEREFORE, Plaintiff, The Travelers Home and Marine Insurance Company, as subrogee of Andrew and Faye Sullivan, demands judgment in its favor and against Omega Flex, Inc. in excess of $75,000 together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT IV – NEGLIGENCE
**Plaintiff v. Scully**

47. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

48. Scully owed a duty to:

   a. Exercise reasonable care in connection with the sale, installation, testing, inspection and/or repair of the CSST piping at the Property;

   b. Exercise reasonable care to protect against the risk of fire;

   c. Exercise reasonable care and skill in the sale, installation, testing, inspection and/or repair of the CSST piping at the Property;

   d. Exercise ordinary and reasonable care to determine that the CSST piping was reasonably fit for the purpose for which it was manufactured and intended to be used; and

   e. Warn that the CSST was defective and that its use could result in a fire.

49. The Fire and resulting damages were the direct and proximate result of the negligence and/or carelessness of Scully, both generally and specifically, as follows:

   a. Failing to observe and exercise a reasonable degree of care and skill in the sale, installation, testing, inspection and/or repair of the CSST piping;

   b. Failing to sell, install, test, inspect and/or repair the CSST piping so that it was safe and fit for its normal and intended use;

   c. Failing to ensure that the CSST gas piping could withstand anticipated levels of electrical activity generated by household current;

   d. Failing to install a bonding and/or grounding device for the CSST piping;

   e. Failing to warn that the CSST piping was defective and could cause a fire;

   f. Failing to properly train and/or supervise its employees, agents, servants, contractors and/or other representatives how to install, test, inspect and/or repair the CSST piping properly, so that it was safe and free from risk of fire;

    g.   Utilizing employees, laborers, contractors, suppliers, distributors and/or installers which Scully knew, or in the exercise of due care, should have known, were not properly trained or qualified to supply, distribute, manufacture, install, test, inspect, sell and/or repair the CSST piping so that it was safe and free from risk of fire;

    h.   Failing to sell, install, test, inspect and/or repair the CSST piping in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or requirements, and all industry standards and trade practices;

    i.   Failing to discover, repair and/or correct the defect(s) and/or deficiency(ies) in the engineering, design, testing, manufacture, packaging, installation, sale and/or distribution of the CSST piping, which may have caused the CSST piping to fail in the course of its normal and intended use;

    j.   Failing to sell, install, test, inspect and/or repair the CSST piping so as not to create a foreseeable risk of fire to persons or property;

    k.   Failing to provide adequate instructions, warnings and/or information concerning the defect(s) and/or deficiency(ies) which caused the CSST piping to fail in the course of its normal and intended use; and

    l.   Failing to properly sell, install, test, inspect and/or repair the CSST piping to ensure its fitness and safety.

50.    The negligence and/or carelessness described in the preceding paragraphs was committed by Scully and/or its duly authorized agents, employees, servants, workmen,

contractors and/or other authorized representatives of Scully, acting within the scope and during the course of their relationship, agency and/or employment.

51. The January 25, 2010 Fire and resulting damage were a direct and proximate result of Defendant Scully's negligence and/or carelessness as averred above.

52. As a result of the Fire, Travelers has made payments to or on behalf of Plaintiff's Insured in excess of $75,000 in accordance with the terms and conditions of the Policy, and is now subrogated to the extent of the payments made to Plaintiff's Insured.

WHEREFORE, Plaintiff, The Travelers Home and Marine Insurance Company, as subrogee of Andrew and Faye Sullivan, demands judgment in its favor and against Scully Propane Service in excess of $75,000 together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V - BREACH OF WARRANTIES
### Plaintiff v. Scully

53. Plaintiff hereby incorporates by reference the preceding paragraphs to this Complaint as though fully set forth herein at length.

54. By installing the CSST gas line at the Property, Defendant Scully expressly and/or impliedly warranted that the CSST was reasonably fit for the purpose for which it was intended.

55. By installing the CSST gas line at the Property, Defendant Scully further expressly and/or impliedly warranted that the CSST was manufactured in a good and workmanlike and merchantable manner.

56. The CSST piping was utilized in a foreseeable and ordinary manner and yet, sustained damages when the Fire occurred, due to defects in the CSST piping's design, manufacture and installation, as set forth above, which caused damage to the Property.

57.   In light of the facts alleged herein, Defendant Scully did not sell, install, inspect or test a product that was reasonably fit for the purpose for which it was intended, nor one manufactured in a good and workmanlike manner, nor a merchantable one, and thus, Scully breached express and/or implied warranties.

58.   Defendant Scully breached the express and/or implied warranties both generally, and specifically, as follows:

   a. Failing to observe and exercise a reasonable degree of care and skill in the sale, installation, testing and/or inspection of the CSST piping;

   b. Failing to sell, install, test and/or inspect the CSST piping so that it was safe and fit for its normal and intended use;

   c. Failing to install a bonding and/or grounding device for the CSST piping;

   d. Failing to warn that the CSST piping was defective and could cause a fire;

   e. Failing to properly train and/or supervise its employees, agents, servants, contractors and/or other authorized representatives regarding the sale, installation, testing and/or inspection of the CSST piping so that it was safe and free from risk of fire;

   f. Utilizing employees, laborers, engineers, designers, contractors, suppliers, salespeople, distributors, installers and/or manufacturers which Defendant Scully knew or, in the exercise of reasonable care, should have known were not properly trained and/or qualified to engineer, design, manufacture, install, test, inspect, sell, market, package and/or distribute the CSST piping at the Property;

g. Failing to sell, install, test and/or inspect the CSST piping in accordance with local, state and/or federal statutes and/or other recognized and/or applicable codes, laws, rules, regulations and/or other requirements, including industry standards and trade practices;

h. Failing to discover, repair and/or correct the defect(s) and/or deficiency(ies) in the engineering, design, manufacture, testing, inspection, sale, distribution, packaging and/or installation of the CSST piping, which may have caused the CSST piping to fail in the course of normal and intended use;

i. Failing to sell, install, test and/or inspect the CSST piping so as not to create a foreseeable risk of harm to people or property; and

j. Failing to provide installers, distributors, salespeople and/or intended users with adequate instructions, warnings and/or information concerning the defect(s) and/or deficiency(ies) that caused the CSST piping to fail in the course of its normal and intended use.

59. The conduct, acts and/or omissions described in the preceding paragraphs were committed by Scully and/or its duly authorized agents, employees, servants, workmen, contractors and/or other authorized representatives of Scully, acting within the scope and during the course of their relationship, agency and/or employment.

60. The January 25, 2010 Fire and resulting damage were a direct and proximate result of Defendant Scully's breach of express and/or implied warranties as averred above.

61. As a result of the Fire, Travelers has made payments to or on behalf of Plaintiff's Insured in excess of $75,000 in accordance with the terms and conditions of the Policy, and is now subrogated to the extent of the payments made to Plaintiff's Insured.

WHEREFORE, Plaintiff, The Travelers Home and Marine Insurance Company, as subrogee of Andrew and Faye Sullivan, demands judgment in its favor and against Scully Propane Service in excess of $75,000 together with interest, costs and such other relief as this Honorable Court deems just and proper under the circumstances.

Respectfully Submitted,

Dated: 1/17/12      By: *(signature)*

MICHAEL F. WALLACE, ESQUIRE
Attorney I.D. No.: 84195
LAW OFFICES OF ROBERT A. STUTMAN, P.C.
20 East Taunton Road
Suite 403
Berlin, NJ 08009
(856) 767-6800
Attorney for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

12-CV-201

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Travelers Home and Marine Insurance Company a/s/o Andrew and Faye Sullivan

**DEFENDANTS**
Omega Flex, Inc. and Scully Propane Service

(b) County of Residence of First Listed Plaintiff   **Hartford, CT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Chester, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Robert A. Stutman, P.C.
Michael F. Wallace, Esquire

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. 1332**
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 612,702.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): 

JUDGE _____   DOCKET NUMBER _____

DATE   01/17/2012

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

JAN 17 2012

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: One Tower Square, Hartford, CT 06183

Address of Defendant: 451 Creamery Way, Exton PA 19341

Place of Accident, Incident or Transaction: 151 Red Oak Drive, Lincoln University, PA 19352
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☒ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify) property loss

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Michael W. Wallace, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 1/17/12    Michael Wallace    84195
                 Attorney-at-Law     Attorney I.D.#

JAN 17 2012

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                        Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

The Travelers Home and Marine Insurance Company a/s/o Andrew and Faye Sullivan

v.

OMEGA FLEX, INC. and Scully Propane Service

CIVIL ACTION

NO. 12 201

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/17/12 | Michael F. Wallace | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 856-767-6800 | 856-767-6810 | wallace@stutmanlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

JAN 17 2012